UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WAVETRONIX LLC, an Idaho limited liability company; David Arnold; and Michael Jensen, <br><br>     Plaintiffs, <br>   v. <br><br> Douglas Swenson, Conrad Myers, individually but not in his capacity as Trustee of the DBSI Liquidating Trust; John D. Foster, Thomas Var Reeve, Charles Hassard, Paul Judge, Gary Bringhurst, Walter Mott, Jeremy Swenson, John Mayeron, William Rich, and John Does 1 through 20, <br>     Defendants. | Case No. 4:12-cv-00244-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

This case stems from the collapse of DBSI, Inc., a sprawling real estate investment empire. DBSI was comprised of hundreds of corporations and properties, but was controlled and successfully ran by Defendant Douglas Swenson and his "cabal of insiders" for many years. In 2008, during the midst of the economic downturn, various DBSI entities filed for bankruptcy in the District of Delaware. A plan of reorganization was confirmed in October of 2010. The reorganization plan created four trusts and called for the appointment of a trustee for each.  Former defendant Conrad Myers was appointed

as the Liquidating Trustee for the DBSI Liquidating Trust, and former defendant William Rich served as one of Myers' professional advisors.

In its decision dated March 29, 2013, the Court granted sanctions pursuant to Rule 11 for Wavetronix's[1] having filed claims in this Court against Myers and Rich for *ultra vires* acts and for acts in continuance of the business of Stellar. The Court asked for briefing on two issues: (1) whether monetary sanctions should be imposed against both Plaintiffs and their counsel, or only against counsel; and (2) the appropriate amount and nature of that sanction (e.g., a fine payable to the court, a reprimand, or reasonable attorneys' fees).

For the reasons set forth below, the Court will order sanctions only against counsel, and not Wavetronix, and finds sanctions in the amount of $10,000 will sufficiently deter counsel, as well as others, from engaging in similar conduct in the future. Counsel shall pay the funds to the DBSI Liquidating Trust.

## ANALYSIS

Both Wavetronix and Myers and Rich agree that Rule 11 sanctions should only be imposed against counsel, Mr. Blake Atkin.  Rule 11 states that sanctions may be imposed upon an "attorney or unrepresented party" who signs, submits, files or advocates a pleading.  The issues at play in this litigation are complex, and there is no good reason to impose sanctions on represented parties.  The Court will therefore only impose sanctions on counsel, and not his clients.

---

[1] The Court will refer to all Plaintiffs collectively as Wavetronix.

Having limited sanctions to counsel, the Court must consider the appropriate amount and nature of the sanction.  Myers and Rich have requested an award of $40,000 in attorneys' fees and costs as a sanction under Rule 11.  Myers and Rich claim that they incurred attorney fees in excess of $25,000 in connection with the work performed on the Rule 11 motion alone.

"Rule 11 'provides for sanctions, not fee shifting. It is aimed at deterring, and, if necessary punishing improper conduct rather than merely compensating the prevailing party.'" *United States ex rel. Leno v. Summit Constr. Co.*, 892 F.2d 788, 790 n. 4 (9th Cir. 1989). Following the 1993 amendments to Rule 11, "the main purpose of Rule 11 is to deter improper behavior, not to compensate the victims of it or punish the offender." 5A Chas A. Wright, et al., Federal Practice & Procedure § 1336.3 (3d ed.2004). The text of Rule 11 provides that "[a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(2). If warranted for effective deterrence, Rule 11 authorizes the Court to issue "an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." *Id.*

In this case, a mere reprimand would be insufficient to deter counsel for Wavetronix, but Myers and Rich provide little basis for the Court to find a sanction as high as $40,000 is needed to deter counsel from filing similar claims in the future. The Court does not doubt that Myers and Rich incurred over $40,000 in fees and expenses. But the Court would guess that the Oregon firm and New Jersey firm Myers and Rich

hired, while very competent, charge higher hourly rate than attorneys in the Boise market with similar years of experience. While Myers and Rich could explain the rates charged if given an opportunity, such an additional step is not warranted because the $40,000 figure requested appears to exceed the amount of sanctions warranted to deter future unfounded claims by Mr. Atkin and others similarly situated.

Mr. Atkins says, and the Court believes, that he carefully researched the *Barton* doctrine and concluded that he could properly plead the section 959(a) exception to the *Barton* doctrine. Mr. Atkin was wrong. Mr. Atkin, however, does not have a history of Rule 11 violations. Also, the claims against Myers and Rich were dismissed early in the litigation. Under the circumstances presented here and taking into account that Mr. Atkin appears to be a sole practitioner, the Court finds that a $10,000 monetary sanction should be sufficient to deter him from filing similar claims in the future. As noted above, the primary purpose of Rule 11 sanctions is deterrence, not compensation.

Mr. Atkin is ordered to pay this sanction within 30 days of the date of this Order. The Court recognizes that the Advisory Committee Notes to the 1993 amendments to Rule 11 indicate that "if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty." However, the Court finds that it would be appropriate in this case to order Mr. Atkin to pay this sanction to the DBSI Liquidating Trust to help ensure that trust beneficiaries are not forced to bear the full brunt of paying for legally untenable claims Mr. Atkins filed in this case.

## ORDER

In accordance with the Memorandum Decision set forth above,

IT IS ORDERED that the Mr. Atkin pay a $10,000 sanction to the DBSI

Liquidating Trust within 30 days of the date of this Order.

DATED: May 1, 2013

B. Lynn Winmill
Chief Judge
United States District Court